

| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **AMY ROBINSON**<br>*Spec. Assistant Corporation Counsel*<br>*Phone: (212) 356-3518*<br>*Fax: (212) 356-3509*<br>arobinso@law.nyc.gov |

November 6, 2019

<u>VIA ECF</u>
Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: <u>John Bunn v. City of New York, et al.</u>, 19-cv-4667 (RRM) (RLM)

Your Honor:

   I am an attorney in the Office of James E. Johnson, Corporation Counsel of the City of New York, and assigned to represent defendant in the above-referenced matter. In that capacity, I write to respectfully request an enlargement of time, from November 25, 2019, to January 24, 2020, to answer or otherwise respond to the recently-filed Amended Complaint and to compel plaintiff to provide defendants with a §160.50 release.

   An enlargement of time is necessary for three reasons. First, defendants have been unable to obtain a §160.50 release from plaintiff's counsel despite three written requests. As plaintiff's conviction was vacated under C.P.L. §440.10, all documents pertaining to his arrest are sealed and therefore not accessible by this Office. Without the release, defendants cannot access plaintiff's arrest file, which will give this Office the opportunity to more fully investigate the allegations made in the Amended Complaint in accordance with its obligations under Rule 11 of the Federal Rules of Civil Procedure. Second, as the arrest involved here occurred nearly 30 years ago, it is expected that even with the release, additional time will be necessary to obtain these records, review and respond to the Amended Complaint. Third, one defendant was served last week, and additional time is necessary to make a representation determination with respect to this defendant, and if the defendant is to be represented, the enlargement of time will also allow this defendant time to request legal representation through this Office, formally consent to us representing them and allow them to interpose an answer in the same pleading. No previous request for an extension to answer the Amended Complaint has been made. The extension does not affect any other scheduled dates.

   Plaintiff's counsel refuses to provide the release or consent to an extension to answer the Amended Complaint unless defendants produce within 30 days numerous categories

of discovery, including copies of all documents collected using the release, copies of CCRB and IAB indexes for any similar incidents, or incidents that impact any of the individual officers' credibility and a list of all 1983 cases against any of the individual officers.

Defendants thank the Court for its time and consideration of this request for enlargement of time to answer the Amended Complaint and to compel plaintiff to provide a §160.50 release.

Respectfully submitted,

*Amy Robinson* /s/
Special Federal Litigation Division

cc:  All counsel of record *via ECF*