# Rickner PLLC

Rob Rickner | rob@ricknerpllc.com

November 12, 2019

**Via ECF**

Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Bunn v. City of New York, et al.*, 19 CV 4667 (RRM) (RLM)

Dear Judge Mann,

We, along with Glenn A. Garber, P.C. represent Plaintiff John Bunn in the above-captioned action, and we write in response to the letter motions requesting a release under C.P.L. § 160.50 and an extension to answer to January 24, 2020, by Defendants the City of New York and joined by Louis Scarcella.

The City of New York has misstated Plaintiff's position. Defendants do not need a § 160.50 release to answer the Complaint. *See, e.g., Hines, et al. v. The City of New York, et al.*, 18-cv-04678-JBW-VMS, Dkt Entry 9/17/2018 ("Plaintiffs may, but need not, provide the Sec. 160.50 release prior to Defendants' answer."). If they cannot fairly respond to a specific allegation, it is entirely ethical, and not at all a violation of Fed. R. Civ. P. 11, to state that they lack sufficient information to either admit or deny it. Obviously, if they are planning a motion to dismiss, Defendants only need the Complaint itself; a § 160.50 release is unnecessary.

In the Southern District of New York, to facilitate speedier resolution of cases, they adopted Local Rule 83.10 (the "1983 Plan"). The City of New York gets certain discovery earlier, and in exchange Plaintiff also gets discovery. And that is exactly what Plaintiff proposed to the City. We agreed to provide a release as long as we received copies of any documents they collected using this release within 30 days of when they obtained them. *See* 1983 Plan (5)(a)(i). We are not asking the City to search for any documents in particular (that will come later). Rather, we just want to get copies of those documents if the City chooses to collect them, to ensure Plaintiff has access to the same information the City has, in a timely manner. In addition, we asked for limited disciplinary records. *See* 1983 Plan (5)(a)(ii). These are also produced as part of the 1983 Plan, the City produces them in every NYPD case in the Southern District, and thus it seems little burden to do so here. *See* Ex. A (Email to City).

In addition, an extension to answer until January 24, 2020 is simply too long. Right now, Defendant Scarcella is scheduled to answer on or before December 20, 2019. No matter what Your Honor's ruling is regarding the exchange of information following the § 160.50 release, we can provide a release promptly and December 20th gives sufficient time to answer.

Rickner PLLC

Respectfully,

/s/

Rob Rickner

Case 1:19-cv-04667-RRM-RLM    Document 20    Filed 11/12/19    Page 2 of 2 PageID #: 124

Rickner PLLC