UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOHN BUNN,

                                     Plaintiff,

              -against-

THE CITY OF NEW YORK, LOUIS SCARCELLA,
STEPHEN CHMIL, and MADELINE MASON AS THE
ADMINISTRATOR FOR THE ESTATE OF JOHN
BARBA,

                                       Defendants.

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF THE CITY OF NEW YORK, STEPHEN CHMIL AND THE ADMINISTRATOR OF THE ESTATE OF JOHN BARBA**

19-CV-4667 (RRM) (RLM)

Jury Trial Demanded

------------------------------------------------------------------------ x

        Defendants, City of New York, Stephen Chmil and the Administrator of the Estate of John Barba, by their attorney, James E. Johnson, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint.

        3. Deny the allegations set forth in paragraph "3" of the complaint.

        4. Deny the allegations set forth in paragraph "4" of the complaint.

        5. Deny the allegations set forth in paragraph "5" of the complaint.

        6. Paragraph "6" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "6."

7. Paragraph "7" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "7."

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff purports to base venue as stated therein.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about June 11, 2018, and further admit that, to date, this matter has not be settled or otherwise resolved.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that more than 30 days has elapsed since the filing of a document purporting to be a Notice of Claim, and further admit that, to date, this matter has not be settled or otherwise resolved.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that a hearing pursuant to General Municipal Law §50-h was held on or about August 14, 2018.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

16. State that the allegations set forth in paragraph "16" of the complaint are not averments of fact that require a response.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, except state that the City of New York is a municipal corporation organized and existing under the laws of the State of New York.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that the City of New York maintains a police department, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the City's relationship to the New York City Police Department ("NYPD") and the Kings County District Attorney's Office ("KCDOA").

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that the City of New York maintains a police department, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the City's relationship to the New York City Police Department and the KCDOA.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that the City of New York maintains a police department, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the City's responsibilities incident thereof.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that the Police Commissioner is the head of the NYPD and respectfully refers the Court to

the New York City Charter and Administrative Code for a recitation of the City's responsibilities incident thereof.

23. Deny the allegations set forth in paragraph "23" of the complaint, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the City's relationship to the KCDOA.

24. Paragraph "24" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "24."

25. Paragraph "25" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "25."

26. Paragraph "26" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "26."

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that Louis Scarcella, Stephen Chmil and John Barba were formally employed by the City as members of the NYPD.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit that plaintiff purports to proceed as stated therein.

29. Paragraph "29" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "29."

30. Paragraph "30" of the complaint contains legal conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "30."

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint, except admit that Madeline Mason, Esq., is the Administrator of the Estate of John Barba.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint, except admit that Stephen Chmil was Louis Scarcella's partner on the date of incident.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Paragraph "70" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "70."

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the complaint.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the complaint.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the complaint.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the complaint.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the complaint.

103. Deny the allegations set forth in paragraph "103" of the complaint.

104. Deny the allegations set forth in paragraph "104" of the complaint.

105. Deny the allegations set forth in paragraph "105" of the complaint.

106. Deny the allegations set forth in paragraph "106" of the complaint.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the complaint.

108. Deny the allegations set forth in paragraph "108" of the complaint.

109. Deny the allegations set forth in paragraph "109" of the complaint.

110. Deny the allegations set forth in paragraph "110" of the complaint.

111. Deny the allegations set forth in paragraph "111" of the complaint.

112. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the complaint.

113. Deny the allegations set forth in paragraph "113" of the complaint.

114. Deny the allegations set forth in paragraph "114" of the complaint.

115. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the complaint.

116. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the complaint.

117. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the complaint.

118. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the complaint.

119. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the complaint.

120. Deny the allegations set forth in paragraph "120" of the complaint.

121. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the complaint.

122. Deny the allegations set forth in paragraph "122" of the complaint.

123. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the complaint.

124. In response to the allegations set forth in paragraph "124" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

125. Deny the allegations set forth in paragraph "125" of the complaint.

126. Deny the allegations set forth in paragraph "126" of the complaint.

127. Deny the allegations set forth in paragraph "127" of the complaint.

128. Deny the allegations set forth in paragraph "128" of the complaint.

129. Deny the allegations set forth in paragraph "129" of the complaint.

130. Deny the allegations set forth in paragraph "130" of the complaint.

131. Deny the allegations set forth in paragraph "131" of the complaint.

132. In response to the allegations set forth in paragraph "132" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

133. Deny the allegations set forth in paragraph "133" of the complaint.

134. Deny the allegations set forth in paragraph "134" of the complaint.

135. Deny the allegations set forth in paragraph "135" of the complaint.

136. Deny the allegations set forth in paragraph "136" of the complaint.

137. Deny the allegations set forth in paragraph "137" of the complaint.

138. Deny the allegations set forth in paragraph "138" of the complaint.

139. In response to the allegations set forth in paragraph "139" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

140. Deny the allegations set forth in paragraph "140" of the complaint.

141. Deny the allegations set forth in paragraph "141" of the complaint.

142. Deny the allegations set forth in paragraph "142" of the complaint.

143. Deny the allegations set forth in paragraph "143" of the complaint.

144. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the complaint.

145. Deny the allegations set forth in paragraph "145" of the complaint.

146. Deny the allegations set forth in paragraph "146" of the complaint.

147. In response to the allegations set forth in paragraph "147" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

148. Deny the allegations set forth in paragraph "148" of the complaint.

149. Deny the allegations set forth in paragraph "149" of the complaint.

150. Deny the allegations set forth in paragraph "150" of the complaint.

151. Deny the allegations set forth in paragraph "151" of the complaint.

152. Deny the allegations set forth in paragraph "152" of the complaint

153. Deny the allegations set forth in paragraph "153" of the complaint.

154. Deny the allegations set forth in paragraph "154" of the complaint.

155. In response to the allegations set forth in paragraph "155" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

156. Deny the allegations set forth in paragraph "156" of the complaint.

157. Deny the allegations set forth in paragraph "157" of the complaint

158. Deny the allegations set forth in paragraph "158" of the complaint.

159. Deny the allegations set forth in paragraph "159" of the complaint.

160. Deny the allegations set forth in paragraph "160" of the complaint.

161. Deny the allegations set forth in paragraph "161" of the complaint.

162. Deny the allegations set forth in paragraph "162" of the complaint.

163. In response to the allegations set forth in paragraph "163" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

164. Deny the allegations set forth in paragraph "164" of the complaint.

165. Deny the allegations set forth in paragraph "165" of the complaint.

166. Deny the allegations set forth in paragraph "166" of the complaint.

167. Deny the allegations set forth in paragraph "167" of the complaint.

168. Deny the allegations set forth in paragraph "168" of the complaint.

169. In response to the allegations set forth in paragraph "169" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

170. Deny the allegations set forth in paragraph "170" of the complaint.

171. Deny the allegations set forth in paragraph "171" of the complaint.

172. Deny the allegations set forth in paragraph "172" of the complaint.

173. Deny the allegations set forth in paragraph "173" of the complaint.

174. In response to the allegations set forth in paragraph "174" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

175. Deny the allegations set forth in paragraph "175" of the complaint.

176. Deny the allegations set forth in paragraph "176" of the complaint.

177. Deny the allegations set forth in paragraph "177" of the complaint.

178. Deny the allegations set forth in paragraph "178" of the complaint.

179. Deny the allegations set forth in paragraph "179" of the complaint.

180. In response to the allegations set forth in paragraph "180" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

181. Deny the allegations set forth in paragraph "181" of the complaint.

182. Deny the allegations set forth in paragraph "182" of the complaint.

183. Deny the allegations set forth in paragraph "183" of the complaint.

184. Deny the allegations set forth in paragraph "184" of the complaint.

185. Deny the allegations set forth in paragraph "185" of the complaint.

186. Deny the allegations set forth in paragraph "186" of the complaint.

187. Deny the allegations set forth in paragraph "187" of the complaint.

### **FIRST AFFIRMATIVE DEFENSE:**

188. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

189. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor violated any Act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE:

190. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

## FOURTH AFFIRMATIVE DEFENSE

191. Defendants Chmil and Barba have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore are protected by qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE:

192. Plaintiff may have failed to comply with the conditions precedent to suit.

## SIXTH AFFIRMATIVE DEFENSE:

193. There was probable cause for plaintiff's arrest, detention and prosecution.

## SEVENTH AFFIRMATIVE DEFENSE:

194. Plaintiff's claims may be barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE:

195. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. .

## NINTH AFFIRMATIVE DEFENSE:

196. Punitive damages may not be assessed against the City of New York.

### TENTH AFFIRMATIVE DEFENSE

197. Plaintiff has failed, in whole or in part, to comply with New York General Municipal Law § 50-e, §50-h, §50-k and §50-i.

### ELEVENTH AFFIRMATIVE DEFENSE:

198. Plaintiff provoked any incident.

### TWELFTH AFFIRMATIVE DEFENSE:

199. Punitive damages cannot be awarded against the City of New York.

**WHEREFORE,** defendants, City of New York, Stephen Chmil and the Administrator of the Estate of John Barba request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      January 2, 2019

          JAMES E. JOHNSON
          Corporation Counsel of the City of New York
          *Attorney for Defendants City of New York, Stephen Chmil and the Administrator of the Estate of John Barba*
          100 Church Street
          New York, New York 10007
          (212) 356-3518

By:     /s/ *Amy Robinson*
          _____
          Special Federal Litigation Division