UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| JOHN BUNN, | 19 CV 4667 (RRM) (RLM) |
| Plaintiff, | |
| -against- | **DEFENDANT LOUIS SCARCELLA'S ANSWER TO AMENDED COMPLAINT AND CROSS-CLAIMS** |
| CITY OF NEW YORK, et al., | |
| Defendants. | |

-----------------------------------------------------------------x

Defendant Police Detective Louis Scarcella (Ret.) ("Det. Scarcella"), by his attorneys, as and for his answer to the amended complaint and his cross-claims, respectfully alleges as follows, by like-numbered paragraph:

### As to "Nature Of Action"

1. Deny each and every allegation, except admit that plaintiff purports to bring this action and assert claims as stated therein.

2. Deny each and every allegation.

3. Deny each and every allegation.

4. Deny each and every allegation.

5. Deny each and every allegation.

6. Deny each and every allegation.

7. Deny each and every allegation. Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

### As to "Jurisdiction And Venue"

8. Deny each and every allegation, except admit that plaintiff purports to invoke the Court's original subject matter jurisdiction as stated therein.

9. Deny each and every allegation, except admit that plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

10. Deny each and every allegation.

### As to "Condition Precedent To Supplemental State Claims"

11. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

12. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

13. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that the matter has not been resolved.

14. Admit that plaintiff testified at a hearing pursuant to New York General Municipal Law § 50-h on August 14, 2018.

15. Deny each and every allegation.

### As to "Jury Demand"

16. To the extent that a response is required, admit that plaintiff purports to demand trial by jury as stated therein.

### As to "Parties, Employees and Policymakers"

17. Deny each and every allegation.

18. Deny having knowledge or information sufficient to form a belief as to the

truth of each and every allegation, except admit that defendant City of New York ("City") is a municipal entity.

19. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

20. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that the City has a police department, the New York City Police Department ("NYPD").

21. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

22. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation. Insofar as the allegations in this paragraph purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

23. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

24. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation. Insofar as the allegations in this paragraph purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

25. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation. Insofar as the allegations in this paragraph purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully

referred to the Court.

26. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation. Insofar as the allegations in this paragraph purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

27. Deny each and every allegation, except admit that Det. Scarcella, defendant Stephen Chmil ("Det. Chmil"), and John Barba were employed as police detectives with the NYPD.

28. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

29. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that Det. Scarcella at all times acted lawfully and within the scope of his employment as a police detective with the NYPD. Insofar as the allegations in this paragraph purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

30. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that Det. Scarcella is entitled to indemnification under New York General Municipal Law Section 50-k and any other statute, legal authority, and rule that may be applicable.

31. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

## As to "Procedural History"

32. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

33. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that a judgment of conviction was entered against plaintiff following a jury trial in the Supreme Court of the State of New York, Kings County.

34. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

35. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that the Appellate Division of the Supreme Court of the State of New York, Second Department, affirmed plaintiff's conviction and sentence.

36. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that plaintiff filed a motion to vacate the judgment of conviction against him.

37. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that the judgment of conviction against plaintiff was vacated pursuant to a Decision and Order issued by the Supreme Court of the State of New York, Kings County (ShawnDya Simpson, J.) on or about November 29, 2016 ("Justice Simpson's Dec. & Ord.").

38. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

39. Deny each and every allegation.

### As to "The Crime and Bunn's Alibi"

40. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that Rolando Neischer ("Neischer") and Robert Crosson ("Crosson") were correction officers; that they were shot on August 13, 1991; that Neischer died as a result of the shooting; and that Crosson survived the shooting.

41. Deny each and every allegation.

42. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

### As to "The Dishonest Police Work"

43. Deny each and every allegation, except admit that, from time to time, Det. Chmil worked with Det. Scarcella.

44. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

45. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

46. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

47. Deny each and every allegation, except deny having knowledge or information sufficient to form a belief as to the truth of the allegation that "[n]o photographic array was ever compiled for Crosson to view in relation to BUNN."

48. Deny each and every allegation.

49. Deny each and every allegation.

50. Deny each and every allegation.

51. Deny each and every allegation.

52. Deny each and every allegation.

53. Deny each and every allegation.

54. Deny each and every allegation.

55. Deny each and every allegation.

56. Deny each and every allegation.

57. Deny each and every allegation.

58. Deny each and every allegation.

59. Deny each and every allegation.

60. Deny each and every allegation.

61. Deny each and every allegation.

62. Deny each and every allegation.

63. Deny each and every allegation.

64. Deny each and every allegation.

65. Deny each and every allegation.

66. Deny each and every allegation.

67. Deny each and every allegation.

68. Deny each and every allegation.

69. Deny each and every allegation.

70. Deny each and every allegation. Insofar as the allegations purport to state

questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

71. Deny each and every allegation.

72. Deny each and every allegation.

73. Deny each and every allegation.

**As to "The Trial and Suppression of *Brady/Giglo* material by the KCDAO"**

74. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

75. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to the testimony and other evidence adduced at plaintiff's and Roseann Hargrave's ("Hargrave") criminal trial for their full contents and meanings.

76. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

77. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

78. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

79. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

80. Deny each and every allegation.

81. Deny each and every allegation, and respectfully refer the Court to the

purported audio tape in question for its full contents and meanings.

82. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to the purported audio tape in question and to Crosson's trial testimony for their full contents and meanings.

83. Deny each and every allegation, and respectfully refer the Court to Justice Simpson's Dec. & Ord. for its full contents and meanings.

84. Deny each and every allegation, except deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in footnote 1.

### As to "City of New York's (NYPD and KCDAO) Deliberate Indifference to Improper and Dishonest Investigations and to *Brady/Giglio* Violations, and the Failure to Train, Supervise, and/or Discipline"

85. Deny each and every allegation.

86. Deny each and every allegation.

87. Deny each and every allegation.

88. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to the "NYSBA Report" cited in this paragraph for its full contents and meanings.

89. Deny each and every allegation, except deny having knowledge or information sufficient to form a belief as to the truth of the allegations concerning the "NYSBA Report" cited in this paragraph, and respectfully refer the Court to said report for its full contents and meanings.

90. Deny having knowledge or information sufficient to form a belief as to the

truth of each and every allegation, and respectfully refer the Court to the "NYSBA Report" cited in this paragraph for its full contents and meanings.

91. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to the "Mollen Report" cited in this paragraph for its full contents and meanings.

92. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to the study in question for its full contents and meanings.

93. Deny each and every allegation.

94. Deny each and every allegation.

95. Deny each and every allegation.

96. Deny each and every allegation.

97. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to the database in question for its full contents and meanings.

98. Deny each and every allegation, and respectfully refer the Court to the cases and decisions in question for their full contents and meanings.

99. Deny each and every allegation.

100. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to the "Mollen Report" cited in this paragraph for its full contents and meanings.

101. Deny having knowledge or information sufficient to form a belief as to the

truth of each and every allegation, and respectfully refer the Court to the "Mollen Report" cited in this paragraph for its full contents and meanings.

      102. Deny each and every allegation.

      103. Deny each and every allegation.

      104. Deny each and every allegation.

      105. Deny each and every allegation.

      106. Deny each and every allegation.

      107. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except deny the allegation that a *Brady* violation occurred in plaintiff's case, and respectfully refer the Court to the purported "admissions" by "Hynes and others" for their full contents and meanings.

      108. Deny each and every allegation.

      109. Deny each and every allegation.

      110. Deny each and every allegation.

### As to "Plaintiff's Injuries And Damages"

      111. Deny each and every allegation.

      112. Deny each and every allegation.

      113. Deny each and every allegation.

      114. Deny each and every allegation.

      115. Deny each and every allegation.

      116. Deny each and every allegation.

      117. Deny each and every allegation.

118. Deny each and every allegation.

119. Deny each and every allegation.

120. Deny each and every allegation.

121. Deny each and every allegation.

122. Deny each and every allegation.

123. Deny each and every allegation.

### As to "First Cause Of Action"

124. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the amended complaint which are referred to in this paragraph.

125. Deny each and every allegation.

126. Deny each and every allegation.

127. Deny each and every allegation.

128. Deny each and every allegation.

129. Deny each and every allegation, except admit that plaintiff's conviction was vacated.

130. Deny each and every allegation.

131. Deny each and every allegation. Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

### As to "Second Cause Of Action"

132. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the amended complaint which are referred to in this paragraph.

133. Deny each and every allegation. Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

134. Deny each and every allegation.

135. Deny each and every allegation.

136. Deny each and every allegation.

137. Deny each and every allegation.

138. Deny each and every allegation.

### As to "Third Cause Of Action"

139. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the amended complaint which are referred to in this paragraph.

140. Deny each and every allegation.

141. Deny each and every allegation, except admit that, from time to time, Det. Chmil worked with Det. Scarcella.

142. Deny each and every allegation.

143. Deny each and every allegation.

144. Deny each and every allegation, and respectfully refer the Court to Justice Simpson's Dec. & Ord. for its full contents and meanings.

145. Deny each and every allegation.

146. Deny each and every allegation.

## As to "Fourth Cause Of Action"

147. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the amended complaint which are referred to in this paragraph.

148. Deny each and every allegation.

149. Deny each and every allegation.

150. Deny each and every allegation.

151. Deny each and every allegation.

152. Deny each and every allegation.

153. Deny each and every allegation.

154. Deny each and every allegation.

## As to "Fifth Cause Of Action"

155. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the amended complaint which are referred to in this paragraph.

156. Deny each and every allegation.

157. Deny each and every allegation.

158. Deny each and every allegation.

159. Deny each and every allegation.

160. Deny each and every allegation.

161. Deny each and every allegation.

162. Deny each and every allegation.

### As to "Sixth Cause Of Action"

163. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the amended complaint which are referred to in this paragraph.

164. Deny each and every allegation.

165. Deny each and every allegation.

166. Deny each and every allegation.

167. Deny each and every allegation.

168. Deny each and every allegation.

### As to "Seventh Cause Of Action"

169. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the amended complaint which are referred to in this paragraph.

170. Deny each and every allegation.

171. Deny each and every allegation.

172. Deny each and every allegation.

173. Deny each and every allegation.

### As to "Eighth Cause Of Action"

174. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the amended complaint which are referred to in this paragraph.

175. Deny each and every allegation, and respectfully refer the Court to the "Mollen Report" for its full contents and meanings.

176. Deny each and every allegation.

177. Deny each and every allegation.

178. Deny each and every allegation.

179. Deny each and every allegation.

### As to "Ninth Cause Of Action"

180. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the amended complaint which are referred to in this paragraph.

181. Deny each and every allegation.

182. Deny each and every allegation.

183. Deny each and every allegation.

184. Deny each and every allegation, and respectfully refer the Court to the purported audio tape in question and to Crosson's trial testimony for their full contents and meanings.

185. Deny each and every allegation.

186. Deny each and every allegation. Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

187. Deny each and every allegation.

### AFFIRMATIVE DEFENSES

A. The amended complaint fails to state a cause of action against Det. Scarcella upon which relief may be granted.

B. Det. Scarcella has not violated any of plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has he violated any act of Congress providing for the protection

of civil rights.

  C. There was probable cause for plaintiff's arrest and detention.

  D. There was probable cause for plaintiff's prosecution and conviction.

  E. At all relevant times, Det. Scarcella acted reasonably, properly, lawfully, and in good faith. Det. Scarcella did not at any time act with actual malice.

  F. At all relevant times, Det. Scarcella acted within the scope of his employment.

  G. Det. Scarcella's actions were objectively reasonable under the circumstances of which he was aware. He is, therefore, entitled to qualified immunity from all liability therefor.

  H. Det. Scarcella's actions did not violate any clearly established constitutional or statutory right of which he was aware or should have been aware. He is, therefore, entitled to qualified immunity from all liability therefor.

  I. All or part of the allegations asserted against Det. Scarcella concern discretionary governmental decisions or functions for which he is immune from liability.

  J. Det. Scarcella is entitled to immunity for any error in judgment in the exercise of governmental functions.

  K. Plaintiff is not entitled to any punitive damages.

  L. Any injury alleged to have been sustained by plaintiff was caused, in whole or in part, by the culpable, intentional, or negligent conduct of plaintiff and/or the intervening conduct of a third-party or third-parties, and was not the proximate result of any act or omission by Det. Scarcella.

  M. Plaintiff failed to mitigate his damages.

  N. Plaintiff's claims are barred, at least in part, by the applicable statute of

limitations.

  O. To the extent any of the claims against Det. Scarcella is based on his testifying as a witness in any capacity, he is entitled to absolute immunity.

  P. Plaintiff failed to allege a proper venue in the amended complaint.

  Q. To the extent plaintiff asserts claims against Det. Scarcella in his official capacity, such claims are duplicative of the claims against the City.

  R. Plaintiff may have failed to comply with all the conditions precedent to filing suit.

## CROSS-CLAIMS

## FIRST CROSS-CLAIM

  1. If plaintiff was caused to sustain damages as alleged in the amended complaint due to any carelessness, recklessness, negligence, and/or acts of omission or commission other than plaintiff's own carelessness, recklessness, negligence, and/or acts of omission or commission, said damages were sustained by reason of the carelessness, recklessness, negligence, and/or acts of omission or commission by each and every one of the other named defendants in this case and their respective agents, servants, and/or employees (collectively referred to herein as "Co-defendants"); and if any judgment is recovered herein by the plaintiff against Det. Scarcella, he will be damaged thereby and the Co-defendants will be responsible therefor in whole or in part.

  2. By reason of the foregoing, the Co-defendants will be liable to Det. Scarcella and in the full amount of any recovery had herein by plaintiff or for that proportion thereof caused by the relative responsibility of each of the Co-defendants herein, and the said Co-

defendants will be bound to pay any and all damages, fees and disbursements.

## SECOND CROSS-CLAIM

3. Pursuant to New York General Municipal Law Section 50-k and any other applicable statute, legal authority, and rule, the City shall indemnify and save harmless Det. Scarcella in the amount of any judgment or settlement amount obtained against him by the plaintiff because any alleged act or omission from which such judgment or settlement arose would have occurred while he was properly and lawfully acting within the scope of his public employment and in the discharge of his duties and he was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained, and any such alleged damages were not caused by Det. Scarcella's intentional wrongdoing or recklessness.

## DEMAND FOR JUDGMENT

WHEREFORE, as to the amended complaint and cross-claims, defendant Police Detective Louis Scarcella (Ret.) respectfully demands judgment against plaintiff and, if necessary and applicable, the Co-Defendants, as follows:

I. Dismissal of the amended complaint and denial of all relief requested therein with costs and disbursements in favor of Det. Scarcella;

II. Judgment in favor of Det. Scarcella on his cross-claims against Co-Defendants, only if necessary and applicable; and

III.    Such other, further, and different relief as this Court may deem just and proper.

Dated: New York, New York
January 3, 2020

                    Respectfully submitted,

                    LAW OFFICE OF
                    RICHARD E. SIGNORELLI

By:   /s/ Richard E. Signorelli
       /s/ Bryan Ha
       _____

       Richard E. Signorelli
       Bryan Ha
       52 Duane Street, 7th Floor
       New York, NY 10007
       Telephone:   212 254 4218
       Facsimile:    212 254 1396
       rsignorelli@nycLITIGATOR.com℠
       richardsignorelli@gmail.com
       bhanyc@gmail.com
       www.nycLITIGATOR.com℠

       Attorneys for Defendant
       Detective Louis Scarcella (Ret.)

FILING AND SERVICE VIA ELECTRONIC FILING